UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
MAY 06 2020

| | |
|---|---|
| MATTHEW KURTENBACH,<br><br>Petitioner,<br><br>vs.<br><br>BRAD HOWELL, CODINGTON COUNTY SHERIFF;<br><br>Respondent. | 1:20-CV-01007-CBK<br><br><br>ORDER |

Petitioner is a pretrial detainee at the Codington County, South Dakota, jail. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to attack his state court pretrial detention. Petitioner also filed a motion to proceed without the prepayment of fees and an affidavit *in forma pauperis* pursuant to 28 U.S.C. § 1915. Petitioner has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, his motion to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), petitioner is required to pay the statutory filing fee of $5.00 for this action. *See* 28 U.S.C. § 1914(a).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

Petitioner was arrested on May 4, 2019, in Codington County, South Dakota, and charged with aggravated domestic assault. He was ultimately charged by indictment with aggravated domestic assault by strangulation and simple domestic assault by recklessly causing bodily injury. Third Judicial Circuit, Codington County, case # 14CRI 19-000559. He was released on bond the day after arrest. A habitual offender information was filed on January 24, 2020.

Petitioner had previously pleaded guilty in federal court to distribution of methamphetamine and was sentenced on March 5, 2018, by Judge Jeffrey L. Viken to time served followed by three years supervised release, 5:17CR50071-JLV. Following his arrest on the domestic violence charges, a petition to revoke supervised release was filed alleging he had ingested a controlled substance several times and left the District of South Dakota in April 2019, and also alleging that he had committed aggravate domestic assault. He was arrested on the federal revocation warrant on May 9, 2019, in St. Paul, Minnesota, after authorities responded to

a domestic assault call at a hotel. While in federal custody awaiting revocation, he was charged in Minnesota and South Dakota state courts with forgery, possession of marijuana, and bad check offenses he had committed prior to his federal arrest. A failure to appear warrant was issued in the Codington County aggravated domestic assault case for his failure to appear in state court on May 21, 2019 (he was in federal custody on that date).

Petitioner's federal supervised release was revoked and he was sentenced on August 14, 2019, to eight months custody with no supervision to follow. In August, September, October, and November 2019, petitioner filed several *pro se* demands for a speedy trial and his attorney also filed monthly motions for a speedy trial. Defendant requested that he be tried while in federal custody via video conference.

Petitioner appeared by telephone for a state court arraignment on the aggravated domestic assault charges on November 26, 2019. He was released on bond pending his state court trial (although he was not released from federal custody until January 3, 2020). Petitioner's state court aggravated domestic assault charges were set for trial on January 30, 2020. He moved to dismiss the indictment on the grounds that the January trial date violated the state 180-day speedy trial rule and for violation of the Interstate Agreement on Detainers Act.

On January 13, 2020, petitioner was arrested on a bond violation. He was released on January 15, 2020. He was arrested on March 24, 2020, on additional bond violations and was released. A bond revocation hearing was held on April 8, 2020, and petitioner was detained. He subsequently filed the instant petition for writ of habeas corpus on April 15, 2020.

Petitioner was charged in the Third Judicial Circuit, Codington County, with witness tampering on April 15, 2020. The complaint alleged that he had, between March 24, 2020, and April 6, 2020, coached the alleged victim of the domestic violence charges on statements she should make to the states attorney and emails she should send to the judge. He was also charged on April 15, 2020, in a separate case with 18 counts of violation of a protection order for contacting the alleged victim.

Petitioner filed in the aggravated domestic assault case *pro se* motions to appoint new counsel, to have the judge recuse herself, for release, and a speedy trial demand on April 16, 2020. Petitioner's state court appointed counsel moved to withdraw on April 17, 2020, based upon a break-down of the attorney client relationship.

2

On April 28, 2020, Petitioner filed *pro se* motions in state court for release, to dismiss for violation of the speedy trial act, to dismiss for the claimed ethical violation of introducing hearsay statements before the grand jury, and to suppress statements he made in telephone calls to his attorneys.

This Court cannot discern from the public state court record whether any of petitioner's state court motions were ruled upon. There were no written orders issued addressing the motions.

On March 13, 2020, the South Dakota Supreme Court declared a judicial emergency due to the COVID 19 public health emergency. On that dame day, the South Dakota Supreme Court suspended the provisions SDCL § 23A-44-5.1, the 180-day speedy trial rule.

Petitioner notes that his trial was originally scheduled in January 2020, less than a month after his release from federal custody. Apparently, the trial was continued to February and then to March 25, 2020. By that time, all trials had been suspended due to the COVID 19 public health emergency. Petitioner's trial was continued until May 14, 2020.

The state court has not yet ruled on petitioner's speedy trial claims. It has long been the rule that federal courts should abstain from interfering in ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971).

Now, therefore,

**IT IS ORDERED:**

1. Petitioner's motion, Doc. 2, to proceed without the prepayment of fees is granted. Petitioner, however, shall pay, through the Clerk of Court in Pierre, South Dakota, the $5.00 statutory filing fee for the above-captioned habeas action.

2. The petition for a writ of habeas corpus is dismissed without prejudice.
DATED this ___ day of May, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge